IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17CV213

| | |
|---|---|
| JESSIE B. BLAKESLEY, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, ) <br> **Acting Commissioner of Social Security,** ) <br> ) <br> **Defendant.** ) <br> _____ ) | **MEMORANDUM AND** <br> **RECOMMENDATION** |

This matter is before the Court on the parties' cross motions for summary judgment (# 9, 13). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Court recommends that Plaintiff's motion for summary judgment be granted and the Commissioner's motion for summary judgment be denied.

**I.   Procedural History**

On March 24, 2014, plaintiff filed a Title II application for a period of disability and disability insurance benefits. (Transcript of Administrative Record ("T.") 23.) Plaintiff alleged a disability onset date of December 21, 2013. (T. 23.) The Social Security Administration denied Plaintiff's claim initially on June 5, 2014. (T. 23.) The claim was denied upon reconsideration on August 20, 2014. (T. 23.) On September 17, 2014, Plaintiff filed a written request for a hearing. (T. 23.)

On May 26, 2016, a disability hearing was held before an Administrative Law Judge ("ALJ") in Franklin, North Carolina. (T. 23.) Plaintiff, represented by attorney S. Janson Grimes,

appeared and testified at the hearing. (T. 23.) A vocational expert ("VE"), Mark Leaptrot, also appeared at the hearing. (T. 23.)

The ALJ issued a decision finding that Plaintiff was not disabled from December 21, 2013, through the date of his decision, August 10, 2016. (T. 23-40.) Plaintiff requested review of the ALJ's decision. (T. 7.) On June 4, 2017, the Appeals Council denied Plaintiff's request for review. (T. 7-9.) On August 3, 2017, Plaintiff filed the instant action seeking review of the Commissioner's final decision. See Compl. (# 1)

## II.     Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step sequential evaluation, the Commissioner must consider each of the following, in order: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the listing of impairments contained in Appendix 1 of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. § 404.1520; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make

2

the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's RFC. Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony from a VE, who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

**III.    The ALJ's Decision**

3

Case 1:17-cv-00213-MOC-DLH    Document 15    Filed 05/07/18    Page 3 of 10

In his August 10, 2016, decision, the ALJ ultimately found that Plaintiff was not disabled under sections 216(i) and 233(d) of the Social Security Act. (T. 40.) In support of this conclusion, the ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through June 30, 2017.

(2) The claimant has not engaged in substantial gainful activity since December 21, 2013, the alleged onset date (20 C.F.R. § 404.1571 et seq.).

(3) The claimant has the following severe impairments: obesity[1]; degenerative disc disease, pelvis; and depression (20 C.F.R. § 404.1520(c)).[2]

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).[3]

(5) The claimant has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b). In particular, the claimant can lift and carry 20 pounds occasionally and ten pounds frequently; sit, stand, or walk for six hours, each, in an eight-hour workday. She can frequently climb ladders, ropes, and scaffolds; frequently stoop; and frequently crouch. She should avoid concentrated exposure to hazards. She can perform simple one-two step tasks on a sustained basis, defined as two-hour increments for eight hours. She can have occasional contact with the public and frequent contact with coworkers.

(6) The claimant is capable of performing her past relevant work as a production assembler. This work does not require the performance of work-related activities precluded by her RFC (20 C.F.R. § 404.1565).[4]

(7) In the alternative, the claimant was born on November 19, 1967, and she was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 C.F.R. § 404.1563).

(8) The claimant has at least a high school education, and she is able to communicate in English (20 C.F.R. § 404.1564).

---

[1] Plaintiff testified that she was 5'4" tall and weighed 180 pounds. (T. 28 n.1, 53.)
[2] The ALJ found that Plaintiff has the following non-severe impairments: degenerative joint disease, right shoulder, and hypothyroidism. (T. 25.)
[3] The ALJ found that Plaintiff's fibromyalgia was not a medically determinable impairment. (T. 26.)
[4] The ALJ found that Plaintiff has past relevant work as a production assembler, stocker, and home health aide. (T. 38.)

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform (20 C.F.R. §§ 404.1569, 404.1569(a)).[5]

(11) The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2013, through August 10, 2016 (20 C.F.R. § 404.1520(f)).

(T. 23-40.)

## IV. Standard of Review

Title 42, United States Code, Section 405(g) provides that an individual may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's final decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled

---

[5] The VE testified that Plaintiff would be able to perform the requirements of representative occupations such as the following: office helper, light and unskilled; or a routing clerk, light and unskilled. (T. 39.)

but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V. Discussion

**The ALJ's reliance on the VE's testimony was not appropriate.**

In her first assignment of error, Plaintiff argues that the ALJ erred by relying on the testimony from the VE that conflicted with the Dictionary of Occupational Titles ("DOT")[6] without first obtaining an explanation. Pl. Mem. Supp. (# 10) at 5-11. Citing Henderson v. Colvin, 643 F. App'x 276 (4th Cir. 2016), Plaintiff contends that there is an apparent conflict between her RFC, which limits her to one-to-two step instructions and jobs with a General Educational Development ("GED") Reasoning Code 2, which requires the ability to understand detailed instructions. Id. at 8-9. Plaintiff concludes that the ALJ's decision is not supported by substantial evidence, and this case must be remanded. Id. at 2, 5. The Court agrees.

Pursuant to Social Security Ruling ("SSR") 00-4p 2000 WL 1898704 (Dec. 4, 2000), an ALJ has an affirmative duty to elicit an explanation from a VE regarding any "apparent unresolved conflict" between the VE's testimony and the DOT. Id. at *2. SSR 00-4p provides:

> Occupational evidence produced by a VE . . . generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the [ALJ's] duty to fully develop the record, the [ALJ] will inquire, on the record, as to whether or not there is such consistency.
> Neither the DOT nor the VE . . . evidence automatically "trumps" when there is a conflict. The [ALJ] must resolve the conflict by determining if the explanation given by the VE . . . is reasonable and provides a basis for relying on

---

[6] The DOT, published by the Department of Labor, gives detailed physical requirements for a variety of jobs. Morgan v. Berryhill, No. 16-1141, 2017 WL 4280787, at *3 n.4 (D. Md. Sept. 27, 2017). While information found in the DOT is not conclusive evidence on the existence of jobs in the national economy, it can be used to create a rebuttable presumption on the matter. Id.

6

the VE . . . testimony rather than on the DOT information.

Id.

In Pearson v. Colvin, 810 F.3d 204 (4th Cir. 2015), the Fourth Circuit Court of Appeals held that the ALJ must resolve apparent conflicts between the VE's testimony and the DOT before relying on the VE's testimony. Id. at 207-09; Best v. Berryhill, No. 4:16-CV-268-D, 2017 WL 6626320, at *1 (E.D.N.C. Dec. 28, 2017). "[T]he ALJ need only identify 'apparent' conflicts— statements that are seeming real or true, but not necessarily so." Gordon v. Berryhill, No. 3:16-CV-130, 2017 WL 5759940, at *4 (W.D.N.C. Nov. 28, 2017) (quotation omitted).

In the instant case, the ALJ found that Plaintiff was limited to "simple one-two step tasks" and "occasional contact with the public and frequent contact with co-workers." (T. 30.) These limitations were included in the hypothetical question presented to the VE. (T. 72-73.) The VE testified that the hypothetical person could perform Plaintiff's past work as a production assembler (DOT number 706.687-010) and could also work as an office helper (DOT number 239.567-010) and routing clerk (DOT number 222.687-022). (T. 73.) The ALJ specifically asked the VE whether his testimony was consistent with the information contained in the DOT. (T. 33, 67.) The VE responded in the affirmative. (T. 68). The ALJ accepted and relied upon the VE's testimony. (T. 39-40.)

GED Reasoning Code 1 requires the ability to "[a]pply commonsense understanding to carry out simple one-or-two step instructions." Henderson, 643 F. App'x at 276-77 (citing DOT). GED reasoning Code 2, on the other hand, requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." Id. at 277 (citing DOT). Reasoning Code 2 requires additional reasoning and understanding greater than the ability to complete one-to-two step tasks. Id. at 277 (citing Rounds v. Comm'r, 807 F.3d 996, 1003 (9th

7

Cir. 2015)).

The Commissioner argues that Henderson is not precedential because the Fourth Circuit Court of Appeals misstated the RFC at issue. Def.'s Mem. Supp. (# 14) at 11. The Court is not persuaded that it is this Court's role to second-guess the appellate court. When a case is on point, as Henderson is in this case, this Court finds such cases highly persuasive. See Eckhardt v. Bank of Am., N.A., No. 3:06CV512, 2008 WL 5100843, at *13 n.10 (W.D.N.C. Nov. 26, 2008).

The Commissioner further argues that Henderson is an unpublished case, and therefore, it is not precedential. Def.'s Mem. Supp. (# 14) at 11. The Court is not persuaded by this argument. The presiding District Judge has cited and discussed Henderson on more than one recent occasion. See Reed v. Berryhill, No. 3:17-CV-574, 2018 WL 1763521, at *4 (W.D.N.C. Apr. 12, 2018) (recognizing that the plaintiff in Henderson was limited to one-or-two step instructions and not simple, routine, and repetitive work); Bethea v. Berryhill, No. 5:17-CV-145, 2018 WL 1567356, at *4 (W.D.N.C. Mar. 30, 2018) (same).

In sum, the Court finds that there is an apparent conflict between the DOT's Reasoning Code 2 with the jobs identified by the VE and the VE's testimony that Plaintiff could perform the identified jobs with the RFC limitation of "one-to-two step tasks." There may be a legitimate explanation for the apparent conflict, yet it was not identified by the ALJ or addressed by the VE. See Nken v. Holder, 585 F.3d 818, 822 (4th Cir. 2009) ("Established precedent dictates that a court may not guess at what an agency meant to say, but must instead restrict itself to what the agency actually did say."). Consequently, this case should be remanded for the ALJ to obtain VE testimony in compliance with SSR 00-4p.

**VI. Conclusion**

In light of the foregoing, the Court RECOMMENDS that Plaintiff's motion for summary

judgment (# 9) be GRANTED, and the Commissioner's motion for summary judgment (# 13) be DENIED.

Signed: May 6, 2018

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).